IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
DEC 09 2013
J T NOBLIN CLERK
BY_____ DEPUTY

MARLON K. JACKSON, JR.                                              PLAINTIFF

VERSUS                                      CIVIL ACTION No.: 1:13cv454LG-JMK

CITY OF WAVELAND,
WAVELAND BOARD OF CITY AND ALDERMEN,
CITY OF BAY ST. LOUIS,
BAY ST. LOUIS CITY COUNCIL,
WAVELAND POLICE DEPARTMENT,
WAVELAND POLICE CHIEF DAVID ALLEN,
In his official and individual capacities,
LIEUTENANT MAC COWAND, in his official and individual capacities;
OFFICER TRAVIS FOREMAN in his official and individual capacities,
OFFICER H. BOUGANIM, in his official and individual capacities,
OFFICER D. ARCHER, in his official and individual capacities,
OFFICER H. O'GWIN, in his official and individual capacities,
OFFICER TAMAS FILIPPI, in his official and individual capacities,
OFFICER MARY COSTER, in her official and individual capacities,
And OTHER UNKNOWN JOHN and JANE DOES, A-Z,
Also in their official and individual capacities                  DEFENDANTS

## COMPLAINT

### THE DEFENDANTS ARE HEREBY PUT ON NOTICE THAT THE PLAINTIFF WILL EXERCISE HIS RIGHT TO AND DEMANDS A TRIAL BY JURY

Comes, now the Plaintiff, Marlon K. Jackson, Jr., by and through his counsel of record, Michael W. Crosby, and for good and sufficient cause of action files this his Complaint and in support of the same would state, aver and give notice of the following:

### PRELIMINARY STATEMENT

This is a federal civil rights action brought as a result of what the Plaintiff alleges was a blatant violation of, inter alia, the federal civil, constitutional and human rights of the Plaintiff. On or about December 9, 2010, the Defendants herein, individually and in concert with one

another, in their official and individual capacities did willfully, wantonly and with reckless disregard for the rights privileges and immunities of the Plaintiff, while acting under color of state authority, did wrongfully assault Marlon K. Jackson, Jr., while utilizing inappropriate and unnecessary force, and thereafter, intentionally and publicly defaming the Plaintiff thereby causing him to suffer substantial defamation of character through both libel and slander, loss of liberty, and wrongfully interfering with the Plaintiff's right to the pursuit of happiness. The Defendants orchestrated such actions as part and parcel of a course of conduct that resulted from a patterned practice that has become so pervasive within the with the ranks of the Defendants that the same has risen to the level of policy which the Defendants, David Allen, Mac Cowand, Travis Foreman, H. Bouganim, D. Archer, H. O'Gwin, Tamas Filippi, Mary Coster, the City of Waveland, the City of Bay St. Louis, and Waveland Police Department have condoned and encouraged.

As a direct and proximate consequence of the actions of the Defendants, the Plaintiff has been damaged and otherwise suffered injury for which he is entitled to be compensated in an amount to be determined by a jury but not less than $50,000,000.00.

**PARTIES**

The Plaintiff is an adult resident citizen of Mississippi residing at 7091 Lower Bay Road, Bay St. Louis, MS 39520. At all times material hereto, the Plaintiff was a resident of Hancock County, Mississippi. This is the County wherein the alleged wrongdoing transpired.

The Defendant, the City of Waveland, Mississippi, is a political subdivision which pursuant to statute may be served by effecting service of process upon the city clerk, Lisa Planchard, at her regular place of business being 301 Coleman Avenue, Waveland, MS 39576.

The Defendant, Waveland Board of City and Aldermen, is a political subdivision which pursuant to statute may be served by effecting service of process upon the office of the board attorney, Gary Yarborough, at his regular place of business being 845B Highway 90, Bay St. Louis, MS 39520.

The Defendant, the City of Bay St. Louis, Mississippi, is a political subdivision which pursuant to statute may be served by effecting service of process upon the city clerk, David Kolf, at his regular place of business being 598 Main Street, Bay St. Louis, MS 39520.

The Defendant, Bay St. Louis City Council, is a political subdivision which pursuant to statute may be served by effecting service of process upon the office of the board attorney, Donald Rafferty, at his regular place of business being 2118 18th Street, Gulfport, MS 39501.

The Defendant, Waveland Police Department, may be served with lawful process pursuant to the applicable statues governing the same at c/o Police Chief David Allen, 335 Coleman Avenue, Waveland, MS 39576. As a result of his conduct, Waveland Police Chief David Allen violated the constitutionally protected rights, privileges and immunities of the Plaintiff. Consequently, this Defendant is liable to the Plaintiff for the damages so sustained.

The Defendant, Waveland Police Chief David Allen, Retired, is sued in his official and individual capacities and may be served with lawful process pursuant to the applicable statues governing the same at 335 Coleman Avenue, Waveland, MS 39576. As a result of his conduct, Waveland Police Chief David Allen violated the constitutionally protected rights, privileges and immunities of the Plaintiff. Consequently, this Defendant is liable to the Plaintiff for the damages so sustained.

The Defendant, MAC COWAND, is sued in his official and individual capacities and may be served with lawful process pursuant to the applicable statues governing the same at the Waveland Police Department at 335 Coleman Avenue, Waveland, MS 39576, or at his residence. As a result of his conduct, MAC COWAND violated the constitutionally protected rights, privileges and immunities of the Plaintiff. Consequently, this Defendant is liable to the Plaintiff for the damages so sustained.

The Defendant, TRAVIS FOREMAN is sued in his official and individual capacities and may be served with lawful process pursuant to the applicable statues governing the same at the Waveland Police Department at 335 Coleman Avenue, Waveland, MS 39576 or at his residence. As a result of his conduct, TRAVIS FOREMAN violated the constitutionally protected rights, privileges and immunities of the Plaintiff. Consequently, this Defendant is liable to the Plaintiff for the damages so sustained.

The Defendant, H. BOUGANIM is sued in his official and individual capacities and may be served with lawful process pursuant to the applicable statues governing the same at the Waveland Police Department at 335 Coleman Avenue, Waveland, MS 39576 or at his residence. As a result of his conduct, H. BOUGANIM violated the constitutionally protected rights, privileges and immunities of the Plaintiff. Consequently, this Defendant is liable to the Plaintiff for the damages so sustained.

The Defendant, D. ARCHER is sued in his official and individual capacities and may be served with lawful process pursuant to the applicable statues governing the same at the Waveland Police Department at 335 Coleman Avenue, Waveland, MS 39576 or at his residence. As a result of his conduct, D. ARCHER violated the constitutionally protected rights, privileges

and immunities of the Plaintiff. Consequently, this Defendant is liable to the Plaintiff for the damages so sustained.

The Defendant, H. O'GWIN is sued in his official and individual capacities and may be served with lawful process pursuant to the applicable statues governing the same at the Waveland Police Department at 335 Coleman Avenue, Waveland, MS 39576 or at his residence. As a result of his conduct, H. O'GWIN violated the constitutionally protected rights, privileges and immunities of the Plaintiff. Consequently, this Defendant is liable to the Plaintiff for the damages so sustained.

The Defendant, TAMAS FILIPPI is sued in his official and individual capacities and may be served with lawful process pursuant to the applicable statues governing the same at the Waveland Police Department at 335 Coleman Avenue, Waveland, MS 39576 or at his residence. As a result of his conduct, TAMAS FILIPPI violated the constitutionally protected rights, privileges and immunities of the Plaintiff. Consequently, this Defendant is liable to the Plaintiff for the damages so sustained.

The Defendant, MARY COSTER is sued in her official and individual capacities and may be served with lawful process pursuant to the applicable statues governing the same at the Waveland Police Department at 335 Coleman Avenue, Waveland, MS 39576 or at her residence. As a result of her conduct, MARY COSTER violated the constitutionally protected rights, privileges and immunities of the Plaintiff. Consequently, this Defendant is liable to the Plaintiff for the damages so sustained.

The unknown Defendants, John and Jane Does A-Z, are unknown individuals whose conduct violated the Plaintiff's rights, privileges and immunities as guaranteed by the

Constitution of the United States of America, the federal statues under which this claim is prosecuted and the laws of the State of Mississippi. These officers and or individuals acting in concert with state authorities, once identified through the discovery process, acted in their official and individual capacities, and as such, they are liable to the Plaintiff for the wrongs perpetrated against him.

## JURISDICTION and VENUE

This honorable Court has jurisdiction over the parties and the subject-matter herein as this is the district where the wrongs perpetrated against the Plaintiff by the Defendants, jointly and severally, were committed. The wrongs herein committed constituted violations of federal constitutional and statutory protections which invoke the original jurisdiction of this Honorable Court. This Court also has jurisdiction to adjudicate the pendent state claims raised herein.

## FACTS

On December 9, 2010, Marlon K. Jackson, Jr. (hereinafter "Jackson") was in Waveland Municipal Court, located in Bay St. Louis, for a hearing to settle fines. Jackson was $20 short on his $250 fine and asked the judge to allow him to call a friend in order to obtain the $20 that he lacked. Officer Foreman became visibly agitated during the proceeding. Officer Foreman leaped through the air and attacked Jackson under the pretext of effecting an apprehension. While Jackson was subdued on the floor of the courtroom, he was assaulted by Officers Foreman, Allen, Bouganim, Archer, and O'Gwin while Lieutenant Mac Cowand and Officer Mary Coster did nothing to stop the assault. Jackson was removed from the courtroom and brought to an adjoining interview room. Once in the interview room, the assault continued.

Eventually, Jackson was brought to the Hancock County Holding Facility where he was incarcerated.

## COUNT 1.

The Defendants herein, jointly and severally and while acting in concert with one another, conspired to violate the Plaintiff's constitutional and statutorily protected rights, privileges and immunities when they, while acting under color of state law and authority, deprived the Plaintiff of life, liberty, and the continued pursuit of happiness without both substantive and/or procedural due process of law, by illegally physically assaulting him, and defaming his character without trial, and through the exercise of unnecessary and unlawful use of force when they initially detained him all in violation of 42 USC Sections 1983 and 1985(3).

As a direct and proximate consequence of the illegal conduct of the Defendants, jointly and severally and while acting in concert with one another, the Plaintiff suffered injury to his person and reputation and he is therefore entitled to be compensated for the same in an amount to be determined by a jury but not less than $50,000,000.00.

## COUNT 2.

The Defendants herein violated several of the Plaintiff's state protected rights when they engaged in conduct that injured the Plaintiff as a result of their negligent and grossly negligent conduct. Such conduct includes but is not limited to, slander and libel, assault, battery, common law civil conspiracy, humiliation and negligent infliction of mental and emotional distress.

As a direct and proximate consequence of the Defendants conduct herein they are jointly and severally liable to the Plaintiff for having caused him injury when they breached their state law duties and responsibilities not to cause the Plaintiff and others similarly situated harm or

injury. Consequently, the Plaintiff was injured and suffered irreparable loss to his person, property and reputation and he is therefore entitled to compensation in an amount to be determined by a jury but not less than $1,000,000.00.

## COUNT 3.

The Defendants are jointly and severally liable to the Plaintiff and are required to pay the Plaintiff's reasonable attorney fees and related litigation expenses, to include expert's fees for having violated several of the Plaintiff's civil rights as protected by such federal civil rights statutes as 42 USC Sections 1983. Such fees and expenses are to be awarded separate and apart from any award to the Plaintiff for his actual compensatory damages and the same should only be limited by the fair comparable market value of prevailing in such similar cases with equal complexity, difficulty and novelty, noting the Plaintiff's counsel is herein acting as a private attorney general as the same was intended by Congress when these laws were enacted.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Marlon K. Jackson, Jr., prays that upon the filing of this Complaint that this Honorable Court will advance this matter on the trial docket and order immediately that discovery be expedited so that the Plaintiff may try and identify John and Jane Does A-Z and amend his complaint as soon as they are known to allow this matter to proceed to a full trial on the merits preferably within the next nine (9) months.

(a.) The Plaintiff seeks compensatory damages in the amount of $50,000,000.00 against the Defendants herein, jointly and severally and in their official and individual capacities, for the violation of his federal constitutional, civil and human rights.

(b.) The Plaintiff seeks compensatory damages in the amount of $1,000,000.00 for the deprivation of his state law rights that were violated of and by the Defendants herein jointly and severally and in their official and individual capacities.

(c.) The Plaintiff seeks punitive damages against the Defendants, jointly and severally and in their official and individual capacities, in the amount of $500,000,000.00 for the willful, wanton and reckless disregard for the rights, privileges and immunities of the Plaintiff such rights, privileges and immunities being guaranteed to the Plaintiff and persons similarly situated by the Constitution of the United States of America and the statutes supporting the same.

(d.) The Plaintiffs seeks a load star award of all of attorney fees, together with all litigation expenses and expert fees as a prevailing party herein, regardless of the amount of the award returned to the Plaintiff by a jury because of the difficulty and complexity of this case.

(e.) The Plaintiff prays for such other relief that is just, proper and equitable in the premises herein, and if the Plaintiff has prayed for inappropriate, incomplete or inadequate relief, the Plaintiff asks permission of this Honorable Court to allow the Plaintiff to amend this complaint once again. The Plaintiff prays for such general relief as the Court deems just, equitable and proper herein.

RESPECTFULLY SUBMITTED, this the 9th day of December, 2013.

_____
MICHAEL W. CROSBY (MS BAR NO.: 7888)
2111 25th AVENUE
GULFPORT, MISSISSIPPI 39501
TEL: 228-865-0313
FAX: 228-865-0337
michaelwcrosby@bellsouth.net