IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MARLON K. JACKSON, JR.**                                                       **PLAINTIFF**

**v.**                                                            **CAUSE NO. 1:13CV454-LG-RHW**

**CITY OF WAVELAND, et al.**                                       **DEFENDANTS**

### ORDER GRANTING MOTION FOR REVIEW OF MAGISTRATE JUDGE ORDER AND DENYING MOTION TO DISMISS CLAIMS AGAINST TAMAS FILIPPI AND TRAVIS FOREMAN

**BEFORE THE COURT** are the Motion for Review of Magistrate Judge Order [36] that was filed by the plaintiff, Marlon Jackson, Jr., and the Motion to Dismiss Claims against Tamas Filippi and Travis Foreman [37] that was filed by several defendants to this lawsuit. Jackson seeks review of the Order [33] denying Jackson's Motion for Extension of Time to Serve Process on Travis Foreman and Tamas Filippi and mooting Jackson's Motion to Pursue Discovery [31]. The defendants seek dismissal of Jackson's claims against Foreman and Filippi for failure to timely serve process pursuant to Fed. R. Civ. P. 4(m). After reviewing the submissions of the parties and the applicable law, the Court finds that the Motion for Review should be granted, and the Motion to Dismiss should be denied.

### FACTS

Jackson claims that he was assaulted on December 9, 2010, during Waveland Municipal Court by Waveland Police Officers Travis Foreman, David Allen, H. Bouganim, D. Archer, and H. O'Gwin. He also alleges that Lieutenant Mac Cowand and Officer Mary Coster failed to do anything to stop the alleged assault. (Compl. at 6, ECF No. 1). The role of the defendant Tamas Filippi in this alleged assault is

unclear. *See id.* On December 9, 2013, Jackson sued these officers, as well as the City of Waveland, the Waveland Board of City and Aldermen, the City of Bay St. Louis[1], the Bay St. Louis City Council, and the Waveland Police Department. *Id.*

On April 4, 2014, Jackson filed a Motion for Extension of Time to Serve Process on Foreman, Archer, Filippi, Bouganim, and O'Gwinn. The Motion was granted, and the deadline for service of process was extended to May 7, 2014. Just prior to the deadline, Jackson filed his Second Motion for Extension of Time to Serve Process on Filippi, Foreman, and O'Gwinn. The deadline was extended to June 6, 2014. Jackson's third Motion for an Extension of Time to Serve Process was filed on June 4, 2014, seeking another extension of time to serve Filippi and Foreman. He also sought permission to propound special interrogatories to the City of Waveland in order to obtain the unserved defendants' last known addresses. The following day a Text Only Order was entered that reflected that the City of Waveland and its counsel had provided all of the information in the City's possession concerning the whereabouts of the unserved defendants. The deadline for service of process was extended to July 7, 2014. A fourth Motion for Extension of Time to Serve Process on Filippi and Foreman was filed, and the deadline was extended to August 6, 2014.

The fifth Motion for Extension of Time to Serve Process on these defendants was filed on August 6, 2014, along with a Motion to Allow Interrogatories and/or

---

[1] The Waveland Municipal Court was held in Bay St. Louis, Mississippi.

Non-Stenographic Depositions. Jackson asserted that he believed he could ascertain the locations of Filippi and Foreman if he were permitted to propound interrogatories on their work associates and family members. United States Magistrate Judge Robert H. Walker entered an Order [33] denying the Motion for Additional Time and finding as moot the Motion to Allow Interrogatories and/or Non-Stenographic Depositions. Judge Walker found that Jackson had not demonstrated good cause for extending the deadline, because he had not provided any evidence that he had made a reasonably diligent effort to serve the defendants.

## DISCUSSION

"A party aggrieved by a magistrate judge's ruling may appeal the ruling to the assigned district judge." Unif. Local R. 72(a)(1)(A). The Local Rules provide:

> No ruling of a magistrate judge in any matter which he or she is empowered to hear and determine will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law.

Unif. Local R. 72(a)(1)(B). Similarly, 28 U.S.C. § 636(b)(1)(A) provides that "[a] judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

The Federal Rules of Civil Procedure require plaintiffs to serve the summons and complaint on each defendant within 120 days after filing of the complaint. Fed. R. Civ. P. 4(m). "[W]hen a district court entertains a motion to extend time for service, it must first determine whether good cause exists. If good cause is present,

the district court *must* extend time for service. If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). If the applicable statute of limitations likely bars future litigation, a district court can only dismiss the lawsuit if there is a "clear record of delay or contumacious conduct by the plaintiff" and that "a lesser sanction would not better serve the interests of justice." *Milan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008). Generally, at least one of the following aggravating factors must also exist: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.*

In his Motion for Review, Jackson claims that he has now determined that Filippi is located in Okinawa, Japan, and that Filippi's former wife may live in Slidell, Louisiana, but Jackson argues that the Court has prevented him from obtaining Filippi's exact address from Filippi's former wife through interrogatories or a deposition. Jackson also asserts that he may be able to locate both Filippi and Foreman if he had their social security numbers, but the Court's denial of his Motion to propound interrogatories to the City of Waveland prevented him from obtaining this information.

First, it should be noted that none of this information was provided to Judge Walker in Jackson's Motion for Additional Time to Serve Process. Furthermore, there is no indication that Jackson's attorney made efforts to contact Filippi's former wife before asking the Court for permission to propound discovery to the

-4-

unserved defendants' family members. Similarly, Jackson has not claimed that the City of Waveland refused his request for the defendants' social security numbers, nor is there any indication that Jackson ever even sought the social security numbers.

Jackson filed this lawsuit on the day that the statute of limitations expired, and the lawsuit has now been pending for over ten months. Thus, the statute of limitations would most likely bar him from refiling his claims against Foreman and Filippi. Jackson has been provided with numerous extensions of time, but he has been unsuccessful in serving Filippi and Foreman with process. However, at this time, there is no evidence that this failure was the fault of Jackson himself and not his attorney, nor is there any evidence of actual prejudice to the defendants, or delay caused by intentional conduct. As a result, the Court finds that Jackson should be granted one last attempt to serve process. Nevertheless, Jackson's requests for discovery are currently denied, because Jackson has not demonstrated, by producing affidavits from his attorney, investigators, and/or process servers, that he has made unsuccessful attempts to obtain information from the City of Waveland and/or the unserved defendants' family members. Jackson is cautioned that the failure to properly support any future requests for additional time may be viewed by this Court as intentional delay justifying dismissal of Jackson's claims against Foreman and Filippi with prejudice.

## CONCLUSION

For the foregoing reasons, Jackson's Motion for Review of the denial of his

request for additional time to serve process is granted, and the defendants' Motion to Dismiss is denied.  However, the defendants may file another motion to dismiss if Jackson fails to comply with this Order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Review of Magistrate Judge Order [36] filed by the plaintiff, Marlon Jackson, Jr., is **GRANTED**.  Jackson must serve Travis Foreman and Tamas Filippi by no later than **DECEMBER 8, 2014**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion to Dismiss Claims against Tamas Filippi and Travis Foreman [37] filed by several defendants to this lawsuit is **DENIED** at this time.

**SO ORDERED AND ADJUDGED** this the 22nd day of October, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE