**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**MARLON K. JACKSON, JR.**                                                     **PLAINTIFF**

**v.**                                                    **CAUSE NO. 1:13CV454-LG-RHW**

**CITY OF WAVELAND, et al.**                                      **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER GRANTING
THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**BEFORE THE COURT** is the Motion for Summary Judgment [106] filed by the defendants. The plaintiff Marlon K. Jackson, Sr., has filed a response in opposition to the Motion, and the defendants have filed a reply. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Jackson's claims against Tamas Filippi should be dismissed without prejudice for failure to serve process. Jackson has abandoned his claims against the John and Jane Doe defendants; therefore, those claims are dismissed without prejudice. The remaining defendants are entitled to summary judgment pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

**FACTS**

Jackson has attempted to assert federal claims of conspiracy, violation of substantive and procedural due process, defamation, and excessive force, as well as state law claims of slander/libel, assault, battery, civil conspiracy, humiliation, and negligent infliction of emotional distress against the following defendants: City of Waveland, Mississippi, Waveland Board of City and Aldermen, City of Bay St. Louis, Bay St. Louis City Council, Waveland Police Department, David Allen, Mac

Cowand, Travis Foreman, H. Bouganim, D. Archer, H. O'Gwin, Tamas Filippi, Mary Coster, and John and Jane Does A-Z.[1]  In his Complaint, Jackson alleges:

> On December 9, 2010, Marlon K. Jackson, Jr. was in Waveland Municipal Court, located in Bay St. Louis, for a hearing to settle fines. Jackson was $20 short on his $250 fine and asked the judge to allow him to call a friend in order to obtain the $20 that he lacked.  Officer Foreman became visibly agitated during the proceeding.  Officer Foreman leaped through the air and attacked Jackson under the pretext of effecting an apprehension.  While Jackson was subdued on the floor of the courtroom, he was assaulted by Officers Foreman, Allen, Bouganim, Archer, and O'Gwin while Lieutenant Mac Cowand and Officer Mary Coster did nothing to stop the assault.  Jackson was removed from the courtroom and brought to an adjoining interview room.  Once in the interview room, the assault continued.  Eventually, Jackson was brought to the Hancock County Holding Facility where he was incarcerated.

(Compl. at 6-7, ECF No. 1).

At his deposition, Jackson explained that the municipal court judge ordered the officers in the courtroom to place Jackson under arrest due to his inability to pay the entire fine. (Defs.' Mot., Ex. A at 43, ECF No. 106-1).  Jackson begged the judge to allow him to obtain the additional twenty dollars he owed. (*Id.* at 47-48). Officer Foreman allegedly came up behind Jackson and said, "Shut up; you're under arrest." (*Id.* at 44).  Foreman then allegedly grabbed Jackson's arm and pulled it up, pinning it behind Jackson's back. (*Id.*)  Jackson claims he stopped moving and talking when Foreman grabbed his arm. (*Id.*)

---

[1] This lawsuit arose out of an incident that occurred on December 9, 2010, and this lawsuit was filed on December 9, 2013.  The deadlines for amending pleadings, joinder of parties, filing dispositive motions, and completing discovery have all expired.  Therefore, Jackson has abandoned his claims against John and Jane Does A-Z.

Jackson testified that Foreman then shoved him to the floor and another officer grabbed him around his neck and threw him against a wall. (*Id.*) At some point, Foreman allegedly threw Jackson on a desk in the interview room adjacent to the courtroom, knocking the desk and a computer over. (*Id.* at 49-50, 75). As another officer was choking Jackson, Foreman released Jackson and put him against a wall. (*Id.* at 96). Mac Cowand then came over and told the officer to stop choking Jackson. (*Id.*) Cowand told Jackson to get on his knees in a chair, and Jackson complied because Cowand is a friend of his family. (*Id.*) Cowand calmed the officers down, and there was no further altercation after Jackson got in the chair. (*Id.* at 52-53). The officers handcuffed him while he was in the chair and took him to a car. (*Id.*) There were no additional incidents on the way to the car. (*Id.* at 54). Throughout all of these alleged events, Jackson claims that he never pulled away from the officers or attempted to flee. (*Id.* at 53-54). Two attorneys who were in the interview room at the time of the alleged incident have provided affidavits in which they give a similar description of the events alleged by Jackson. (Pl.'s Resp., Ex. B, ECF No. 108-2).

After he was handcuffed, Jackson claims that the officers placed him in a hot car with no air conditioning, and he had an anxiety attack. (Def.'s Mot., Ex. A at 58, 96, ECF No. 106-1). He kicked the back window of the car, because it was hot and he could not breathe. (*Id.*) Jackson was then taken to a jail located in Bay St. Louis, where an officer allegedly sprayed Jackson with mace and slammed

Jackson's head into a sink. (Defs.' Mot., Ex. A at 55-56, ECF No. 108-1). Jackson testified that he does not know the name of the officer who allegedly injured him at the jail, but he testified that there were two officers at the jail and one was named Kevin. (*Id.* at 55-56). These officers may have been sheriff's deputies, but Jackson does not know for certain. (*Id.* at 55). This incident is briefly mentioned in the facts section of Jackson's Memorandum, where he states that this incident occurred at the Hancock County jail. (Pl.'s Mem. at 5, ECF No. 109). The Court assumes that Jackson has no intention of pursuing any claims related to the incident at the jail in this lawsuit, because he did not mention this incident in his Complaint and it appears that he did not sue the individuals and entities that were involved in this alleged incident – no officer named Kevin has been sued, and Hancock County has not been sued.

As a result of the December 9, 2010, incident in the courtroom, Jackson pled guilty to charges of resisting arrest and disorderly conduct. (Defs.' Mot., Ex. A at 69-70, ECF No. 106-1). It is undisputed that Jackson did not appeal this conviction and the conviction has not been overturned. Jackson has testified that he only pled guilty to these charges because he continued to plead with the judge for more time to pay the rest of his fine, despite Foreman's instructions to be quiet and stop talking to the judge. (*Id.* at 47). Jackson claims that he did not resist arrest at any time after Foreman grabbed his arm. (*Id.* at 48).

All of the defendants except Tamas Filippi[2] have filed the present motion for summary judgment, asserting that Jackson's claims are barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). In the alternative, all of the individual defendants, except Foreman, argue that they are entitled to qualified immunity, while all of the municipal defendants argue that Jackson's claims should be dismissed due to the lack of any municipal policy sanctioning excessive force. Jackson concedes that his claims against Tamas Filippi should be dismissed for failure to serve process. He also concedes that the following claims should be dismissed: all state law claims, his federal conspiracy claim, his substantive and procedural due process claims, and all claims filed against David Allen. Nevertheless, he opposes the dismissal of the excessive force claims he filed against the City of Waveland, Mississippi, the Waveland Board of City and Aldermen, the City of Bay St. Louis, the Bay St. Louis City Council, the Waveland Police Department, Mac Cowand, Travis Foreman, H. Bouganim, D. Archer, H. O'Gwin, and Mary Coster.

## DISCUSSION

A motion for summary judgment may be filed by any party asserting that there is no genuine issue of material fact and that the movant is entitled to prevail as a matter of law on any claim. Fed. R. Civ. P. 56. The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of

---

[2] Filippi has not made an appearance in this lawsuit, and he has not been served with process.

material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324-25. The non-movant may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

> In *Heck v. Humphrey*, the United States Supreme Court held:
>
> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 29 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). To determine whether a claim is barred by *Heck*, courts must consider whether "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. This "determination is made by examining the elements of the convicted crime and the elements of the civil cause of action . . . ." *Connors v. Graves*, 583 F.3d 373, 378 (5th Cir. 2008). Thus, the focus should be on "whether success on the . . . claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction." *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008).

Jackson pled guilty to resisting arrest in violation of Miss. Code Ann. § 97-9-73.  This statute provides, "It shall be unlawful for any person to obstruct or resist by force, or violence, or threats, or in any other manner, his lawful arrest . . . by any state, local or federal law enforcement officer . . . ."  Miss. Code Ann. § 97-9-73.  "The lawful use of force to resist arrest is allowed but 'limited to those situations where the arrest is in fact illegal . . . *or where the arrest is accompanied by excessive force.*'"  *White v. Howell*, No. 4:12cv204-HTW-LRA, 2013 WL 5503706, at *7 (S.D. Miss. Sept. 13, 2013) (quoting *Murrell v. State*, 655 So. 2d 881, 888 (Miss. 1995) (emphasis added)).

To establish a Fourth Amendment excessive force claim, a plaintiff must demonstrate: "(1) injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable."  *Harris v. Serpas*, 745 F.3d 767, 772 (5th Cir. 2014) (quoting *Ramirez v. Knoulton*, 542 F.3d 124, 128 (5th Cir. 2008)).  The question of whether the amount of force used was clearly unreasonable depends upon "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  *Graham v. Connor*, 490 U.S. 386, 396 (1989).

The determination of whether an excessive force claim is barred by *Heck* is "analytical and fact-intensive."  *Bush*, 513 F.3d at 497.  "[A] § 1983 claim would not necessarily imply the invalidity of a resisting arrest conviction, and therefore would

not be barred by *Heck*, if the factual basis for the conviction is temporally and conceptually distinct from the excessive force claim." *Id.* at 498. "There seems to be universal agreement . . . that a plaintiff who concedes that he resisted arrest but nevertheless contends that excessive force was used against him would not find his Fourth Amendment claim barred by *Heck*." *Jenkins v. Town of Vardaman*, 899 F. Supp. 2d 526, 536 (N.D. Miss. 2012). However, if the plaintiff asserting an excessive force claim contends that he did nothing wrong and that the officer attacked him for no reason, the claim is barred by *Heck*, because the plaintiff is essentially disputing that he resisted arrest. *See, e.g., Deleon v. City of Corpus Christi*, 488 F.3d 649, 656-67 (5th Cir. 2007); *Arnold v. Town of Slaughter*, 100 F. App'x 321, 324-25 (5th Cir. 2004). A plaintiff's "broad claims of innocence relate to the entire arrest encounter, and not merely a discrete part of it"; thus, claims of this nature are barred by *Heck*. *Daigre v. City of Waveland*, 549 F. App'x 283, 287 (5th Cir. 2013). "It is irrelevant that [a plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Jenkins*, 899 F. Supp. 2d at 537 (quoting *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003)).[3]

---

[3] In *Jenkins*, the plaintiff stated that he had pled guilty to resisting arrest, because he had snatched traffic tickets from an officer and told the officer that he must not like white people. *Jenkins*, 899 F. Supp. 2d at 537. The plaintiff denied any further resistance. *Id.* The court held that the plaintiff's allegations were inconsistent with his guilty plea, because the officer was not attempting an arrest at the time that the plaintiff snatched the tickets and made the statement about white people. *Id.* As a result, the plaintiff's excessive force claim was barred by *Heck*. *Id.*

Jackson claims that he "resisted arrest" by begging the judge not to arrest him in violation of Foreman's instructions to remain quiet. He claims that he stopped this "resistance" and did nothing wrong once Foreman placed him under arrest. Under Mississippi law, a person resists arrest when he obstructs or resists a lawful arrest by a state, local, or federal law enforcement officer. Miss. Code Ann. § 97-9-73. The failure to obey an officer's order to remain quiet, without more, is not grounds for a charge of resisting arrest under Mississippi law. *Massey v. Wharton*, 477 F. App'x 256, 261 (5th Cir. 2012). As a result, Jackson's allegations are inconsistent with his prior guilty plea to the charge of resisting arrest and his claims against the defendants are barred by *Heck*.

## CONCLUSION

For the foregoing reasons, Jackson's claims against Tamas Filippi are dismissed due to Jackson's admitted failure to timely serve Filippi with process. Jackson's claims against John and Jane Does A-Z are dismissed due to the expiration of the deadlines for amending pleadings, joinder of parties, completing discovery, and filing dispositive motions. The following defendants are entitled to summary judgment: City of Waveland, Mississippi, Waveland Board of City and Aldermen, City of Bay St. Louis, Bay St. Louis City Council, Waveland Police Department, David Allen, Mac Cowand, Travis Foreman, H. Bouganim, D. Archer, H. O'Gwin, and Mary Coster.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Marlon K. Jackson, Jr.'s claims against Tamas Filippi and John and Jane Does A-Z are

**DISMISSED WITHOUT PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion for Summary Judgment [106] filed by the City of Waveland, Mississippi, the Waveland Board of City and Aldermen, the City of Bay St. Louis, the Bay St. Louis City Council, the Waveland Police Department, David Allen, Mac Cowand, Travis Foreman, H. Bouganim, D. Archer, H. O'Gwin, and Mary Coster is **GRANTED**. Jackson's claims against these defendants are hereby **DISMISSED WITH PREJUDICE**.  A separate judgment will be entered pursuant to Fed. R. Civ. P. 58.

**SO ORDERED AND ADJUDGED** this the 22nd day of September, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE